PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
ALI MATIN, SBN 268452
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
Telephone:     (951) 276-6990
Facsimile:     (951) 276-6973
Email:         *abram.s.feuerstein@usdoj.gov*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| In re:<br><br>BIN ZHANG,<br><br>    Debtor. | Case No.  6:25-bk-19302-SY<br><br>Chapter 7<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL ATTORNEY TO DISCLOSE COMPENSATION UNDER 11 U.S.C. § 329 AND FED. R. BANKR. PROC. 2016; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br><u>**Hearing Information:**</u><br>Date:     March 5, 2026<br>Time:    9:30 a.m.<br>Place:   Courtroom 302<br>            3420 Twelfth Street<br>            Riverside, CA 92501 |

1

**TO THE HONORABLE SCOTT H. YUN, DEBTOR, AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on March 5, 2026, at 9:30 a.m., before the Honorable Scott H. Yun, in Courtroom 302, located at 3420 Twelfth Street, Riverside, California 92501, Peter C. Anderson, the United States Trustee for the Central District of California, Region 16, will move the Court for an order requiring Zheng Liu of Aptum Law (collectively, "Liu" or "Counsel") to file a disclosure of attorney compensation under 11 U.S.C. § 329 and Federal Rule of Bankruptcy Procedure 2016. Moreover, the U.S. Trustee requests that the Court retain jurisdiction to rule on a refund of attorney's fees under section 329 and Rule 2017, if necessary.

The motion is supported by this notice of motion, the accompanying memorandum of points and authorities, the record of the proceedings in the bankruptcy case, and such argument or evidence as may be presented by counsel at the hearing on the motion.

Local Bankruptcy Rule 9013-1(f) requires that any objection or response to the motion be stated in writing, filed with the Court, and served on the United States Trustee, at least fourteen days prior to the hearing. Failure to file and serve a timely opposition may be considered consent to the relief requested in the motion.

Dated: January 26, 2026

PETER C. ANDERSON
UNITED STATES TRUSTEE

By:  /s/ *Abram S. Feuerstein*
     Abram S. Feuerstein
     Assistant U.S. Trustee

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction.

Attorney Zheng Liu of Aptum Law (collectively, "Liu" or "Counsel") filed a chapter 7 petition on behalf of debtor Bin Zhang ("Debtor") on December 30, 2025. Dkt. 1.[1] The petition was not accompanied by necessary schedules, statements, and other case commencement documents, and the Court issued a docket entry reflecting the various deficiencies. *Id.* Among other things, Liu failed to file a disclosure of attorney compensation ("Compensation Statement") as required by 11 U.S.C. § 329 and Federal Rule of Bankruptcy Procedure ("Rule") 2016. *See id.* Consequently, neither the Court, the U.S. Trustee, nor any other interested party can determine the amount of Counsel's fees or whether the fees were reasonable.

Accordingly, the U.S. Trustee requests that the Court issue an order requiring Counsel to file a Compensation Statement and to retain jurisdiction to rule on any potential refund of such fees.

## II. The Court should order Counsel to file a Compensation Statement.

Section 329(a) states in relevant part that an "attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid." 11 U.S.C. § 329(a). Rule 2016 implements section 329(a) and notes that such a "statement must: (A) show whether the attorney has shared or agreed to share compensation with any other entity; and (B) if so, the particulars of any sharing or agreement to share, except with a member or regular associate of the attorney's law firm." Fed. R. Bankr. Proc. 2016(b). *See In re Park-Helena Corp.*, 63 F.3d 877, 880 (9th Cir. 1995) ("To facilitate the court's policing responsibilities, the Bankruptcy Code and Federal Rules of Bankruptcy Procedure impose several disclosure requirements on attorneys who seek to represent a debtor and who seek to recover fees.") (citing 11 U.S.C. § 329, Rules 2014, and Rule 2016); *In re Perrine*, 369 B.R. 571, 579 (Bankr. C.D. Cal. 2007) ("Section 329's disclosure requirements are mandatory, not permissive.") (quotations omitted).[2]

---

[1] The U.S. Trustee requests that the Court take judicial notice of the Court's files and records that are referenced in this motion under Federal Rule of Evidence 201.

[2] *See also* Official Form 2030 entitled *Disclosure of Compensation of Attorney for Debtor.*

3

Here, Counsel failed to file a Compensation Statement. Consequently, neither the Court, the U.S. Trustee, nor any other interested party can determine the amount of fees Counsel charged the Debtor or whether the fees were reasonable. Accordingly, the U.S. Trustee requests that the Court order Counsel to file a Compensation Statement.[3]

### III.    Conclusion.

The Court should order Counsel to file a Compensation Statement as discussed above. Additionally, the U.S. Trustee requests that the Court retain jurisdiction to rule on a potential refund of attorney's fees under section 329 and Rule 2017. *See Perrine*, 369 B.R. at 580–81 (Bankr. C.D. Cal. 2007) ("An attorney who violates § 329(a) and Rule 2016(b) forfeits any right to receive compensation for services rendered on behalf of the debtor and may be ordered to [refund] fees already received.").

Dated: January 26, 2026

PETER C. ANDERSON
UNITED STATES TRUSTEE

By:  */s/ Abram S. Feuerstein*
    Abram S. Feuerstein
    Assistant U.S. Trustee

---

[3] The dismissal of Debtor's case does not moot or otherwise obviate Counsel's duty to disclose the fees charged to the Debtor. *In re Menk*, 241 B.R. 896, 906 (B.A.P. 9th Cir. 1999) ("Issues of compensation and sanctions survive dismissal.") (collecting cases).

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**3801 University Avenue, Suite 720,**
**Riverside, CA 92501**

A true and correct copy of the foregoing document entitled (*specify*): **Notice of Motion and Motion to Compel Attorney to Disclose Compensation under 11 U.S.C. § 329 and Fed. R. Bankr. Proc. 2016; Memorandum of Points and Authorities** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **January 26, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See Attached Electronic Mail Notice List.

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  **January 26, 2026** , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Bin Zhang
33276 Alagon St
Temecula, CA 92592

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **January 26, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

(Overnight Mail)
Judge's Copy
Hon. Scott H. Yun
United States Bankruptcy Court
3420 Twelfth Street, Suite 345 / Courtroom 302
Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 26, 2026 | Adela M. Salgado | */s/ Adela M. Salgado* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                     **F 9013-3.1.PROOF.SERVICE**

# Mailing Information for Case 6:25-bk-19302-SY

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Todd A. Frealy (TR)**    taftrustee@lnbyb.com, taf@trustesolutions.net
- **Zheng Liu**    Andy.Liu@AptumLaw.us, 4662851420@filings.docketbird.com,bjliuzheng@recap.email,hkoscarlam@gmail.com
- **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

## Creditor List

Click the link above to produce a complete list of **creditors** only.

## List of Creditors

Click on the link above to produce a list of **all** creditors and **all** parties in the case. User may sort in columns or raw data format.