PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
Telephone:     (951) 276-6990
Facsimile:     (951) 276-6973
Email:         Abram.S.Feuerstein@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>BIN ZHANG,<br><br>               Debtors. | Case No. 6:25-bk-19302-SY<br><br>Chapter 7<br><br>**NOTICE OF MOTION AND MOTION TO REFUND FEES UNDER 11 U.S.C. § 329 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2016; DECLARATION OF ALI MATIN IN SUPPORT**<br><br>Hearing Information:<br>Date:     May 14, 2026<br>Time:     9:30 a.m.<br>Place:    Courtroom 302<br>             3420 Twelfth Street<br>             Riverside, CA 92501 |

-1-

**TO THE HONORABLE SCOTT YUN, UNITED STATES BANKRUPTCY COURT JUDGE, DEBTOR, DEBTORS' COUNSEL, AND ALL PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that on May 14, 2026, at 9:30 a.m., at the United States Bankruptcy Court for the Central District of California, before the Honorable Scott Yun, United States Bankruptcy Court Judge, in Courtroom 302, located at 3420 Twelfth Street, Riverside, California 92501, Peter C. Anderson, the United States Trustee for Region 16 ("U.S. Trustee"), will move the Court, under 11 U.S.C. § 329 and Federal Rule of Bankruptcy Procedure 2016, for an order refunding fees paid by debtor Bin Zhang to attorney Zheng "Andy" Liu of Aptum Law.

The motion is based upon this notice of motion, the attached memorandum of points and authorities, the files of record, and such evidence as the Court might receive at the time of the hearing on this motion.

Under Federal Rule of Evidence 201, the U.S. Trustee requests that the Court take judicial notice of all documents filed in this bankruptcy case that are referenced in the motion.

Local Bankruptcy Rule 9013-1(f) requires that any objection or response to this motion must be stated in writing, filed with the Clerk of the Court, and served on the U.S. Trustee at least fourteen days before the hearing. Failure to file and serve any opposition may be considered consent to the relief requested in this motion.

Dated: April 16, 2026

PETER C. ANDERSON
UNITED STATES TRUSTEE

By: _____
Abram S. Feuerstein
Assistant United States Trustee

-2-

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     Preliminary statement.**

Attorney Zheng "Andy" Liu of Aptum Law ("Counsel") filed a voluntary chapter 7 petition for debtor Bin Zhang ("Debtor") on December 30, 2025. Dkt. 1.[1] Because the filing was incomplete, the Court issued a notice that the case would be dismissed if Debtor did not file the remaining case commencement documents within seventy-two hours. Dkt. 6. Debtor did not file the required documents within seventy-two hours. On January 13, 2026—fourteen days after the petition date—Debtor filed a five-sentence motion to extend the deadline to file the remaining case commencement documents. Dkt. 14. The motion was not accompanied by any explanation as to why Counsel sought an extension and was unaccompanied by a declaration or other admissible evidence. *Id.* The next day, the Court entered an order denying the motion, because it failed to present good cause to extend the deadline, and dismissed the case. Dkt. 15, 16. On January 26, 2026, the U.S. Trustee filed a motion to compel Counsel to file his compensation disclosure statement. Dkt. 19. In response, Counsel filed a disclosure statement, reflecting that he was paid a flat fee of $2,500 concerning the bankruptcy filing. Dkt. 20.

Both Debtor's petition and disclosure statement contain signature lines for Debtor. Under applicable rules, Debtor must use a ***wet, original signature*** for these documents. A review of the signatures reflect that they apparently are identical ***electronic*** renderings of Debtor's signature. *Compare* Dkt. 1 (p.7) *with* Dkt. 20 (p.2).

By this motion, the U.S. Trustee requests that the Court order Counsel to cancel any legal agreement between Counsel and Debtor and refund Counsel's attorneys' fees in full under section 329. Counsel's compensation of $2,500 exceeds the reasonable value of his services. He failed to (1) obtain Debtor's wet signature in violation of the rules, (2) file all required case commencement documents by the applicable deadline, and (3) file a competent extension motion to file such documents. Under these facts, the Court would act well within its discretion to order a refund of Debtor's attorney's fees in full.[2]

---

[1] The U.S. Trustee requests that the Court take judicial notice of the Court files and records referenced in this motion. *See* Fed. R. Evid. 201.

[2] Prior to filing this motion, the U.S. Trustee contacted Counsel to understand the reasonableness of Counsel's fees and possibly resolve this matter without Court intervention but did not receive a

## II.   The Court should refund fees in full.

Under section 329(b), the Court may order an attorney to refund compensation that exceeds the reasonable value of counsel's services. 11 U.S.C. § 329(b) ("If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to . . . the entity that made such payment."); *In re Jastrem*, 253 F.3d 438, 443 (9th Cir. 2001) ("The bankruptcy court had authority under 11 U.S.C. § 329(b) and Federal Rule of Bankruptcy Procedure 2017(b) to order [counsel] to return to [debtor] any attorneys' fees that exceeded the reasonable value of the services provided.").

A bankruptcy court may reduce or deny fees where debtor's counsel fails to "provide competent and complete representation." *In re Basham*, 208 B.R. 926, 933 (9th Cir. BAP 1997) (fee reduction based on inaccuracies in the schedules and chapter 13 plan, improperly claimed exemptions, and an improperly noticed plan confirmation hearing). Indeed, poor quality attorney work or work that does not comply with an attorney's ethical duties is unreasonable and subject to refund. *In re Smith*, 436 B.R. 476 (Bankr. N.D. Ohio 2010) (ordering refund of fees when debtors' counsel failed to attend hearing on a motion to dismiss). And while an attorney's neglect may provide relief under Rule 9024, such relief does not provide a basis for counsel to retain fees for inadequate legal services. *Id.* at 483.

Here, Counsel apparently used an electronic rendering of Debtor's signature rather than obtaining wet signatures for each document, thus violating Rule 1008,[3] LBR 9011-1(a),[4] and the Court Manual.[5] Further, Counsel failed to file all case commencement documents timely or obtain an

---

response. *See* Declaration of Ali Matin **Ex. 1**. Likewise, Counsel did not respond to the U.S. Trustee's prior efforts to understand the reasonableness of fees in February 2026. *Id.* **Ex. 2**.

[3] Rule 1008 provides that "[a]ll petitions, lists, schedules, statements and amendments thereto shall be verified or contain an unsworn declaration as provided in 28 U.S.C. §1746."

[4] Similarly, LBR 9011-1(a) states in relevant part that, "[u]nder no circumstances may a reproduction of the same holographic signature be used on multiple pages or in multiple documents." Thus, "[e]ach page that bears the signature of a person must actually have been signed by the person whose signature appears on such page." *Id.*

[5] The Court Manual further provides that "[u]nder no circumstances may a reproduction of the [debtor's] same holographic signature be used on multiple pages or in multiple documents" and "[e]very page that bears the signature of a person must actually have been signed by the person whose signature appears on the page." Court Manual § 3.4(b)(1). Section 3.4(b)(3) of the Court Manual also states:

-4-

extension for filing. Indeed, the extension motion filed by Counsel was facially defective, failing to contain any evidence or explanation as to why an extension was necessary, again violating local rules. *See* LBR 9013-1(i) ("Factual contentions involved in any motion, opposition or other response to a motion, or reply, must be presented, heard, and determined upon declarations and other written evidence."). Under these circumstances, Counsel's $2,500 fee exceeds the value of his services and a full refund is warranted.

## III. CONCLUSION.

For the reasons stated above, the U.S. Trustee requests that the Court enter an order (1) canceling any legal fee agreement between Counsel and Debtor, (2) refunding $2,500 in legal fees to Debtor, and (3) determining that no further fees are owed by Debtor to Counsel.

Dated: April 16, 2026

PETER C. ANDERSON
UNITED STATES TRUSTEE

By: _____
Abram S. Feuerstein
Assistant United States Trustee

---

"Whenever a holographic signature is required, the registered CM/ECF User must maintain the executed original of any filed document for a period of five years after the closing of the case or adversary proceeding in which the document is filed, and must make the executed original available for review upon request of the court or other parties."

## DECLARATION OF ALI MATIN

I, Ali Matin, declare:

1.    I am an attorney duly authorized to practice law in the State of California and before the Court. I am employed as a Trial Attorney by the United States Department of Justice in the Riverside Division Office of the Office of the United States Trustee. I make this declaration of my own personal knowledge, except as to those matters stated on information and belief, and as to such matters, I believe them to be true. called as a witness, I could and would be competent to testify to the information contained in this declaration.

2.    Attached as **Exhibit 1** to this motion is a true and correct email I sent to Zheng "Andy" Liu of Aptum Law ("Counsel") on April 10, 2026.

3.    Attached as **Exhibit 2** to this is motion is a true and correct email from the Assistant United States Trustee, Abram Feuerstein, to Counsel on February 25, 2026.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on April 15, 2026, at Santa Ana, California.

Ali Matin
Trial Attorney

-6-

# Exhibit 1

Exhibit 1, Page 007

| | |
|---|---|
| **From:** | Matin, Ali (USTP) |
| **To:** | "Andy.Liu@AptumLaw.us" |
| **Subject:** | Bin Zhang - 6:25-bk-19302-SY – Compensation Disclosure and Case Dismissal |
| **Date:** | Friday, April 10, 2026 1:40:00 PM |

Dear Mr. Liu –

I write to you regarding our office's motion to compel your compensation. As you may know, the court continued the hearing to May 14, 2026 at 9:30 am. The issue is that the disclosure statement you filed does not contain a wet, original signature from the debtor, as required by FRBP 1008, LBR 9011-1(a), and section 3.4(b) of the Court Manual. Instead, there appears to be an electronic signature on debtor's behalf affixed to the document. Moreover, the petition itself contains an electronic signature, again violating federal and court rules. In view of these deficiencies (and the failure to file required case commencement documents timely or obtain an extension due to a lack of "good cause," leading to case dismissal), it does not appear that the $2,500 fee your office received for this case is reasonable under section 329(b). We believe that, under the circumstances, a full refund of fees to the debtor is warranted. Please let me know if you are agreeable to the refund or would like to discuss further. Thank you.

**Ali Matin | Trial Attorney**
U.S. Department of Justice
Office of the United States Trustee
3801 University Avenue, Suite 720
Riverside, CA 92501
Office: (951) 276-6990
Direct: (202) 934-4176

CONFIDENTIALITY NOTICE: This email transmission and any documents, files, or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of any of the information contained in or attached to this transmission is strictly prohibited. If you have received this transmission in error, please immediately notify the sender by replying to this e-mail message. Please destroy the original transmission and its attachments without reading or saving in any manner.

# Exhibit 2

| | |
|---|---|
| **From:** | Feuerstein, Abram S. (USTP) |
| **To:** | "Andy.Liu@AptumLaw.us" |
| **Cc:** | Salgado, Adela M. (USTP) |
| **Subject:** | FW: 6:25-bk-19302-SY Attorney"s Discl of Comp Arrangement in Indv Ch 7 Case (LBR Form F2090-1) |
| **Date:** | Wednesday, February 25, 2026 3:30:00 PM |
| **Attachments:** | Zhang Disclosure.pdf |

Dear Mr. Liu:

Thank you for filing the compensation disclosure statement. A fee of $2500 for a Chapter 7 case dismissed in its earliest stages appears excessive. Did you maintain time records in this case, or can you describe the services that you believe make this a reasonable fee?

We look forward to your prompt reply.

Thank you.

Abram S. Feuerstein
Assistant U.S. Trustee
Riverside Division Office
3801 University Avenue, Suite 720
Riverside, CA 92501
ph.: 951-276-6975
Cell: 202-590-8694

**From:** cmecfhelpdesk@cacb.uscourts.gov <cmecfhelpdesk@cacb.uscourts.gov>
**Sent:** Monday, January 26, 2026 1:02 PM
**To:** Courtmail@cacb.uscourts.gov
**Subject:** 6:25-bk-19302-SY Attorney's Discl of Comp Arrangement in Indv Ch 7 Case (LBR Form F2090-1)

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

**U.S. Bankruptcy Court**

**Central District of California**

Notice of Electronic Filing

The following transaction was received from Zheng Liu entered on 1/26/2026 at 1:02 PM
PST and filed on 1/26/2026

**Case Name:**      Bin Zhang
**Case Number:**      6:25-bk-19302-SY
**Document Number:** 20

**Docket Text:**
Attorney's Disclosure of Compensation Arrangement in Individual Chapter 7 Case (LBR Form
F2090-1) Filed by Debtor Bin Zhang. (Liu, Zheng)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Signed - Local Form Atty Comp - Bin Zhang(1).pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=1/26/2026] [FileNumber=110147773
-0] [6a8326b7bc95092878b4c59128959bd9f4621c8ab92064bd4bac2143994921590
616c6236fff90c7a348b242f0b140687f2afd1f2231ffe6f505e7c08e87b088]]

**6:25-bk-19302-SY Notice will be electronically mailed to:**

Abram Feuerstein, esq on behalf of U.S. Trustee United States Trustee (RS)
abram.s.feuerstein@usdoj.gov

Todd A. Frealy (TR)
taftrustee@lnbyb.com, taf@trustesolutions.net

Zheng Liu on behalf of Debtor Bin Zhang
Andy.Liu@AptumLaw.us,
4662851420@filings.docketbird.com,bjliuzheng@recap.email,hkoscarlam@gmail.com

United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

**6:25-bk-19302-SY Notice will not be electronically mailed to:**

Exhibit 2, Page 011

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**3801 University Avenue, Suite 720,**
**Riverside, CA 92501**

A true and correct copy of the foregoing document entitled (*specify*): **Notice Of Motion And Motion To Refund Fees Under 11 U.S.C. § 329 And Federal Rule Of Bankruptcy Procedure 2016; Declaration of Ali Matin in Support** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 16, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See Attached Electronic Mail Notice List.

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  **April 16, 2026** , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Bin Zhang
33276 Alagon St
Temecula, CA 92592

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  **April 16, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

(Overnight Mail)
Judge's Copy
Hon. Scott H. Yun
United States Bankruptcy Court
3420 Twelfth Street, Suite 345 / Courtroom 302
Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 16, 2026 | Adela M. Salgado | */s/ Adela M. Salgado* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

# Mailing Information for Case 6:25-bk-19302-SY

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Joseph C Delmotte** ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
- **Abram Feuerstein** abram.s.feuerstein@usdoj.gov
- **Todd A. Frealy (TR)** taftrustee@lnbyb.com, taf@trustesolutions.net
- **Zheng Liu** Andy.Liu@AptumLaw.us, 4662851420@filings.docketbird.com,bjliuzheng@recap.email,hkoscarlam@gmail.com
- **United States Trustee (RS)** ustpregion16.rs.ecf@usdoj.gov

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

## Creditor List

Click the link above to produce a complete list of **creditors** only.

## List of Creditors

Click on the link above to produce a list of **all** creditors and **all** parties in the case. User may sort in columns or raw data format.